| | |
|---|---|
| **KAZEROUNI LAW GROUP, APC**<br>Abbas Kazerounian, Esq. (249203)<br>ak@kazlg.com<br>Matthew M. Loker, Esq. (279939)<br>ml@kazlg.com<br>Elizabeth A. Wagner, Esq. (317098)<br>elizabeth@kazlg.com<br>1303 East Grand Avenue, Suite 101<br>Arroyo Grande, CA 93420<br>Telephone: (800) 400-6808<br>Facsimile: (800) 520-5523 | **HYDE & SWIGART**<br>Joshua B. Swigart, Esq. (225557)<br>josh@westcoastlitigation.com<br>2221 Camino Del Rio South, Ste. 101<br>San Diego, CA 92108<br>Telephone: (619) 233-7770<br>Facsimile: (619) 297-1022 |

*Attorneys for Plaintiff,*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROSA DE LA PENA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**GENESIS CALIFORNIA,**<br><br>Defendant. | **Case No.:** '18CV0303 AJB WVG<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:**<br>(1) **CALIFORNIA TRANSLATION ACT, CALIFORNIA CIVIL CODE §§ 1632, ET SEQ.;**<br>(2) **HOME SOLICITATION SALES ACT, CALIFORNIA CIVIL CODE §§ 1689.5, ET SEQ.; AND,**<br>(3) **CALIFORNIA'S UNFAIR COMPETITION LAW, CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

Case #                                              *de la Pena, et al. v. Genesis California*
**CLASS ACTION COMPLAINT FOR DAMAGES**

# INTRODUCTION

1. Plaintiff ROSA DE LA PENA ("Plaintiff"), by Plaintiff's attorneys, brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the unlawful and deceptive business practices of GENESIS CALIFORNIA ("Defendant") with regard to Defendant's practice of utilizing misleading representations regarding the quality of Defendant's goods and requiring non-English speaking consumers to sign contracts in English in violation of the California Translation Act, California Civil Code §§ 1632, et seq. ("CTA"); and, California's Unfair Competition Law, California Business & Professions Code §§ 17200, et seq. ("UCL").

2. Said contracts also failed to comply with the Home Solicitation Sales Act, Cal. Civ. Code §§ 1689.5, et seq. ("HSSA").

3. This Action seeks to enjoin Defendant's practices of unlawfully forcing California consumers to enter into contracts that are not drafted in a language known by the consumer as well as contracts that fail to include required notices of consumers' rights.

4. Defendant's conduct is a scheme carried out by Defendant which involves making significant amounts of money from California consumers through false, deceptive, and misleading means throughout the period covered by the applicable statute of limitations.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

7. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures

reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

9. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiff seeks relief on behalf of a national class, which will result in the Classes members belonging to a different state than that of Defendant. Plaintiff also seeks restitution which when aggregated among a proposed class numbering in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Therefore, both diversity jurisdiction and the damages threshold under the Class Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

10. This action arises out of Defendant's violations of California Translation Act, California Civil Code §§ 1632, et seq. ("CTA"); Home Solicitation Sales Act, California Civil Code §§ 1689.5 ("HSSA"), et seq.; and, California's Unfair Competition Law, California Business & Professions Code §§ 17200, et seq. ("UCL").

11. Because Defendant conducts business within the State of California, personal jurisdiction is established.

12. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Imperial, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducts business within this judicial district and resides in this judicial district as well.

## PARTIES

13. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the City of Holtville, County of Imperial, State of California.

14. Plaintiff is informed and believes and thereon alleges that Defendant is, and at all times mentioned herein was, a corporation incorporated under the laws of the State of California.

## FACTUAL ALLEGATIONS

15. Plaintiff realleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. At all times relevant, Defendant made and continues to make marketing efforts to solicit the business of California consumers.

17. In or about 2016, Defendant initiated such solicitation efforts in person at Plaintiff's residence to install solar panels.

18. Said solar panels constitute "goods" as defined by Cal. Civ. Code § 1689.5(c).

19. Since Plaintiff solely speaks Spanish, the negotiations between Plaintiff and Defendant were conducted solely in Spanish.

20. During the course of these negotiations, Defendant represented to Plaintiff that Plaintiff's energy bill would decrease if Defendant installed solar panels at Plaintiff's residence.

21. Following the conclusion of said negotiations, Defendant required Plaintiff to sign an English-language contract.

22. Said contract constitutes a "home solicitation contract or offer" as defined by Cal. Civ. Code § 1689.5(a).

23. Plaintiff protested signing such a contract since Plaintiff only spoke Spanish.

24. Defendant neither provided Plaintiff a Spanish translation of the contract nor did Defendant mail a Spanish translation of the contract to Plaintiff at any time thereafter.

**KAZEROUNI LAW GROUP, APC**
**1303 EAST GRAND AVENUE, SUITE 101**
**ARROYO GRANDE, CA 93420**

25. After installation of the solar panels, Plaintiff did not experience any energy savings as promised by Defendant.

26. To the contrary, Plaintiff's electricity has increased each month with the solar panels installed.

27. At no point has Plaintiff received any bonus of any kind from the government for installing the solar panels.

28. This installation constitutes "services" as defined by Cal. Civ. Code § 1689.5(d).

29. In failing to provide a Spanish translation of the contract, Defendant violated Cal. Civ. Code § 1632(b).

30. At no point during the pendency of Plaintiff's relationship with Defendant has Plaintiff received a contract that complies with Cal. Bus. & Prof Code § 7159, et seq.  Thus, Plaintiff has the right to cancel Plaintiff's contract pursuant to Cal. Civ. Code §§ 1689.6(a)(3)(A); and, 1689.15.

31. At no point during the pendency of Plaintiff's relationship with Defendant has Plaintiff received a contract that included Plaintiff's Notice of Cancellation as required by Cal. Civ. Code § 1689.7.

32. As discussed in further detail below, Defendant's misrepresentations as to the quality of Defendant's solar panels also violate the UCL.

## CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of herself individually, and on behalf of all others similarly situated.

34. Plaintiff defines the "Language Class" as follows:
    > all persons within California who entered into an English-language contract with Defendant for solar panels after negotiating in a language other than English within the four years prior to the filing of this action through the date of filing.

35. Plaintiff defines the "Home Solicitation Sales Act Class" as follows:
    all persons within California who entered into a contract with Defendant for solar panels in the form described herein within the four years prior to the filing of this action through the date of filing.
36. The Language Class and Home Solicitation Sales Act Class shall be referred to as "the Classes"
37. Defendant and their employees or agents are excluded from the Classes.
38. Plaintiff does not know the exact number of persons in the Classes, but believes them to be in the several hundreds, if not thousands, making joinder of all these actions impracticable.
39. The identity of the individual members is ascertainable through Defendant's and/or Defendant's agents' records or by public notice.
40. There is a well-defined community of interest in the questions of law and fact involved affecting the members of the Classes. The questions of law and fact common to the Classes predominate over questions affecting only individual class members, and include, but are not limited to, the following:
    a. Whether Defendant negotiates primarily in Spanish with consumers prior to having said consumers sign an English-language contract;
    b. Whether Defendant negotiates primarily in Chinese with consumers prior to having said consumers sign an English-language contract;
    c. Whether Defendant negotiates primarily in Tagalog with consumers prior to having said consumers sign an English-language contract;
    d. Whether Defendant negotiates primarily in Vietnamese with consumers prior to having said consumers sign an English-language contract;
    e. Whether Defendant negotiates primarily in Korean with consumers prior to having said consumers sign an English-language contract;
    f. Whether Defendant's conduct was willful;
    g. Whether Defendant's conduct was negligent;

  h. Whether Plaintiff and the Classes are entitled to statutory damages;

  i. Whether Plaintiff and the Classes are entitled to actual damages;

  j. Whether Defendant's contract complies with Cal. Bus. & Prof Code § 7159;

  k. Whether Plaintiff and the Classes are entitled to the recovery of restitution;

  l. Whether Plaintiff and the Classes are entitled to injunctive relief;

  m. Whether Plaintiff and the Classes are entitled to the recovery of attorneys' fees;

  n. Whether Plaintiff and the Classes are entitled to the recovery of litigation costs; and,

  o. Whether Defendant's practices violate California Business and Professions Code § 17200;

  p. Whether Defendant's practices are "unlawful" as described by California Business and Professions Code § 17200;

  q. Whether Defendant's practices are "unfair" as described by California Business and Professions Code § 17200;

  r. Whether Defendant's practices are "fraudulent" as described by California Business and Professions Code § 17200;

  s. Whether Defendant should be enjoined from engaging in such conducted in the future.

41. Plaintiff will fairly and adequately protect the interest of the Classes.

42. Plaintiff has retained counsel experienced in consumer class action litigation and in handling claims involving solar panel companies.

43. Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts involving English-language contracts being utilized for non-English speaking consumers.

44. Said claims also arise based upon contracts that do not provide notices as required by California law.
45. A class action is a superior method for the fair and efficient adjudication of this controversy.
46. Class-wide damages are essential to induce Defendant to comply with the federal and State laws alleged in the Complaint.
47. The interests of class members in individually controlling the prosecution of separate claims against Defendant is small.
48. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims, e.g., securities fraud.
49. Defendant has acted on grounds generally applicable to the Classes, thereby making appropriate final declaratory relief with respect to the Classes as a whole.
50. Plaintiff contemplates providing notice to the putative class members by direct mail in the form of a postcard-type notice and via Internet website.
51. Plaintiff requests certification of a hybrid class for monetary damages and injunctive relief.

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**FIRST CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA TRANSLATION ACT**

**CAL. CIV. CODE § 1632, ET SEQ.**

**[AGAINST ALL DEFENDANTS]**

52. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
53. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has engaged in the practice of forcing California consumers, like Plaintiff, to enter into illegal contracts written in a language unknown to said consumers.

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

54. The foregoing acts and omission constitute numerous and multiple violations of Cal. Civ. Code § 1694, et seq.
55. CTA was enacted in 1976 to increase consumer information and protection for California's sizable and growing Spanish-speaking population. *See* Cal. Civ. Code § 1692(a)(1).
56. The Legislature also determined that California's population has become increasingly diverse and the number of Californians who speak languages other than English as their primary language at home has increased dramatically. Cal. Civ. Code § 1692(a)(2).
57. The Legislature also reviewed the American Community Survey which determined that 15.2 million Californians speak a language other than English at home based upon data collected between 2009 and 2011. Cal. Civ. Code § 1692(a)(3).
58. The five languages other than English that are most widely spoken at home are Spanish, Chinese, Tagalog, Vietnamese, and Korean. *Id*.

## SECOND CAUSE OF ACTION
## VIOLATION OF HOME SOLICITATION SALES ACT
## CAL. CIV. CODE § 1689.5, ET SEQ.
## [AGAINST ALL DEFENDANTS]

59. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
60. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has engaged in the practice of forcing California consumers, like Plaintiff, to enter into illegal contracts that do not contain required notices pursuant to HSSA.
61. The foregoing acts and omission constitute numerous and multiple violations of Cal. Civ. Code § 1689.5, et seq.
62. Said acts and omissions have caused Plaintiff damages.

# THIRD CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW

### CAL. BUS. & PROF. CODE §§ 17200, ET SEQ.

#### [AGAINST ALL DEFENDANTS]

63. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

64. Plaintiff and Defendant are each "person[s]" as defined by California Business & Professions Code § 17201. California Bus. & Prof. Code § 17204 authorizes a private right of action on both an individual and representative basis.

65. "Unfair competition" is defined by Business and Professions Code Section § 17200 as encompassing several types of business "wrongs," two of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

66. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes (a) unlawful and (b) unfair business practices prohibited by Bus. & Prof. Code § 17200 et seq.

### "UNLAWFUL" PRONG

67. As a result of Defendant's acts and practices described herein, Defendant has violated California's Unfair Competition Law, Business & Professions Code §§ 17200 *et seq.*, which provides a cause of action for an "unlawful" business act or practice perpetrated on members of the California public.

68. Defendant had other reasonably available alternatives to further its legitimate business interest, other than the conduct described herein, such as providing a Spanish language contract for Plaintiff as well as contracts with the required

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420

disclosures.

69. Plaintiff reserves the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

### "UNFAIR" PRONG

70. Defendant's actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. Without limitation, it is an unfair business act or practice for Defendant to knowingly or negligently fail to provide a translated contract pursuant to CTA.

71. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant has committed acts of unfair competition as defined by Cal. Bus. & Prof. Code §§ 17200 et seq., as alleged further detail above and herein.

72. Plaintiff could not have reasonably avoided the injury suffered herein. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date, as Defendant continues to require California consumers to enter in contracts that violate CTA; HSSA; and, Cal. Bus. & Prof. Code §§ 17200, et seq.

### FRAUDULENT

73. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

74. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

75. Here, absent a Spanish contract, California consumers were never informed of their rights pursuant to the contract.

76. In addition, Defendant's oral misrepresentations also deceived Plaintiff to believe that Plaintiff would receive a benefit from installing Defendant's solar panels.

77. Despite the passage of time, Plaintiff has received no such benefit from the installation of defendant's solar panels.

78. Even more troubling, Plaintiff has never received a contract that complies with Cal. Bus. & Prof Code § 7159.

79. Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff damages against Defendant and relief as follows:

- That this action be certified as a class action on behalf of The Classes and Plaintiff be appointed as the representatives of The Classes;
- That Plaintiff's counsel be appointed to represent The Classes;
- That the Court find that Plaintiff is entitled to injunctive relief and/or restitution pursuant to Cal. Bus. & Prof. Code § 17535;
- That the Court find that Defendant is in possession of money that belongs to Plaintiff and that Defendant has not returned the money;
- An order requiring Defendant to pay restitution to Plaintiff due to Defendant's UCL violations, pursuant to Cal. Bus. & Prof. Code §§ 17200-17205 in the amount of Plaintiff's monthly payments;

- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and to restore to Plaintiff all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;
- That Plaintiff and the Classes be awarded reasonable attorneys' fees and costs of this suit pursuant to Code of Civil Procedure § 1021.5, and California Civil Code § 1780, and/or other applicable law; and,
- Any and all other relief as this Court may deem necessary or appropriate.

### TRIAL BY JURY

80. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff and The Classes are entitled to, and demand, a trial by jury.

Dated: February 8, 2018                                    Respectfully submitted,

                                                          **KAZEROUNI LAW GROUP, APC**

                                                          By: ___/s/ Matthew M. Loker___
                                                                MATTHEW M. LOKER, ESQ.
                                                                ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVENUE, SUITE 101
ARROYO GRANDE, CA 93420